ROBERT F. LINTON *et al. vs.* BOARD OF CANVASSERS OF THE CITY OF WOONSOCKET.

OCTOBER 30, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

See also 70 R. I. 391.

PER CURIAM. This petition for mandamus prays that the

respondents, as they constitute the board of canvassers of the city of Woonsocket, be directed to issue certificates of nomination or election, as the case may be, in accordance with a list of proposed caucus nominations that was filed with respondents by the district committee of the democratic party for the fifth representative district in that city, to be voted upon at a caucus of such party for said district that was scheduled to be held on June 16, 1944. The respondents, pursuant to our citation to show cause why the petition should not be granted, appeared by counsel and arguments on behalf of petitioners and respondents were heard. Thereupon we filed a rescript granting the relief prayed for and ordering the writ of mandamus to issue.

The following important facts do not appear to be seriously disputed. The petitioners are citizens and qualified electors of this state, residing in the fifth representative district of the city of Woonsocket. They include the five members of the district committee of the democratic party for the fifth representative district in that city, herein referred to as the committee, and other persons whom that committee had proposed for nomination for certain offices to be voted upon at a caucus of the democratic party in said fifth representative district, to be held on June 16, 1944. The respondents constitute the board of canvassers of that city and are herein referred to as the board.

By unanimous vote of all the members of said committee on May 30, 1944 a list of proposed nominations for delegates and alternates to the state, congressional district, and senatorial conventions and for representative in the general assembly, for state committeeman and committeewoman from said fifth representative district was adopted; and the chairman and secretary of that committee were authorized to execute and to file with the board on behalf of the committee a written list of such nominations to be voted upon at a duly scheduled caucus for that district. Such list, containing the names and addresses of the persons so named by said committee and the several offices for which

they were respectively proposed and containing at the bottom of the list the signatures of "Robert F. Linton Chairman, District Committee and Leo G. Fallon Secretary, District Committee" was filed with the board before 5 p.m. on June 2, 1944 as provided by public laws 1944, chapter 1472, sec. 6.

No protest against the filing of such list of caucus nominations was made to the board by any member of said committee or by any other qualified elector. No other list of proposed nominations to be voted upon at said caucus was filed with the board on or before June 2, 1944, at 5 p.m., the time limited therefor by the statute. The board gave no notice to said committee or any member thereof that this list was rejected but it did not, on or before June 7, 1944, at 5 p.m., certify to the secretary of state the name, address and political party of each person appearing on said list of nominations, as provided by P. L. 1944, chap. 1472, sec. 6; and it did not issue to any of the persons whose names appeared on said list of nominations a certificate of nomination or election, as the case may be, as provided by P. L. 1938, chap. 2640, sec. 12.

On June 7, 1944, according to a press report, the board indicated its intention to reject such list of caucus nominations as invalid solely because it was not signed by a majority of the members of the committee whose names were on file with the board. Thereupon the chairman of the state committee of the democratic party, purporting to act as in the case of a failure of the committee to file such caucus nominations, filed another list of proposed caucus nominations, which was substantially the same as that previously filed by the committee through its chairman and secretary.

The petitioners then brought this petition to compel the board to perform the statutory duties of a board of canvassers where a valid list of caucus nominations is duly filed by the committee and where no other list of such nominations is duly filed so as to require the holding of the caucus. P. L. 1938, chap. 2640, sec. 12. The petition was signed

and sworn to by all of the persons whose names appeared on such list of proposed caucus nominations. In addition thereto affidavits were offered by petitioners to support certain of the facts therein alleged and above set forth.

The respondents offered to show by a member of the board that it was the customary practice in filing such a list of caucus nominations to have it signed by a majority of the members of the committee whose names were recorded with the board. The petitioners offered to present affidavits to the effect that it was the custom and practice throughout the state generally to have such a list of caucus nominations signed by one or more of the officers of the committee but not, in the absence of protest, by a majority of the members of the committee.

The petitioners contend substantially that general laws 1938, chapter 316, as amended by P. L. 1938, chap. 2640, P. L. 1940, chap. 816, and by P. L. 1944, chap. 1472, specify no particular form to be followed in signing and filing such a list of proposed caucus nominations to be voted upon at a caucus of a political party; that, in the absence of any protest, the board was bound to accept the list as the filing of caucus nominations by the committee for offices to be voted upon at the caucus scheduled to be held on June 16, 1944; and that, when no protest was made against such filing and no list of counter nominations was proposed or filed on or before the time fixed by law, the board was bound to certify to the secretary of state the names, addresses and political party of the persons appearing on the list of nominations as the nominees or elected officers, as the case may be, of the democratic party for the offices therein described, and also to issue certificates of nomination or election, as the case may be, to the individuals respectively entitled thereto according to such list.

The respondents, on the other hand, contend chiefly that the statute as amended required the committee not only to make but also to file such a list of nominations; that such committee could not delegate that power and duty; and

therefore that the list of proposed caucus nominations as filed, being signed by less than a majority of that committee whose names were recorded in the office of the board, was invalid and not legally filed. They concede, however, that if such a list of caucus nominations is valid, notwithstanding that it is signed by less than a majority of the members of the committee, other provisions of law being complied with, the petitioners would be entitled, as a matter of law, to the relief prayed for.

In our opinion, in the absence of any proper protest being made to the board by any member of the committee or by any elector qualified to make such protest, the list of proposed caucus nominations as filed with the board on behalf of the committee was valid and legally filed, if such list conformed otherwise to the law.

General laws 1938, chap. 316, §3, as amended, provides for the creation and election of a district committee. Section 5 of that chapter, as amended by P. L. 1940, chap. 816, provides in part as follows: "City, town and district committees of each political party may make rules not inconsistent with the rules of the state committee, and the general management of the affairs of each political party in the respective cities, towns and representative districts shall be vested in said city, town or district committee respectively, subject to the rights and powers hereinafter delegated to the district committees, and subject to all state committee rules." Section 15 thereof provides in part as follows: "The respective ward, district and town committee of each political party in each town or city shall file its list of the names of the delegates, officers, committees or nominees to be voted upon at any caucus."

Nowhere in the pertinent parts of the above-mentioned sections, nor elsewhere in the caucus law, so called, as amended, have we found any provision which requires, expressly or by necessary implication, that a list of proposed caucus nominations for a representative district caucus must contain the signatures of a majority of the district committee

as a condition precedent to its validity and filing. Certain requirements as to the substantial contents of such a list of caucus nominations are provided for in the statute, such as names, addresses, offices, political party, *etc.;* but we find no specific requirement as to the form in which such list shall be *signed.* The law merely provides that the committee shall *file* caucus nominations. Therefore any reasonable compliance by the committee, in the exercise of broad powers granted to it by §§5 and 15 in particular, is all that the board could demand in the absence of any proper protest.

No claim is made in these proceedings that the committee acted in violation of other statutory provisions, or of any of its own rules or those of the state committee of its political party. It is conceded that no protest of any kind was lodged with the board against the filing of this list of caucus nominations. The list was signed by the chairman and secretary respectively of the committee. The names of those persons signing and filing such list on behalf of the committee were recorded in the office of the board. In those circumstances and in the absence of any proper protest, this list of caucus nominations was entitled to be accepted by the board as the valid act of and filing by the committee, because it contained on its face *prima facie* evidence of its authenticity as being the action of the district committee and there was no evidence whatever to the contrary.

When it later developed that no list of counter nominations was proposed or filed with the board to be voted upon at said caucus, there still being no protest, it was unnecessary under the law to hold the caucus. P. L. 1938, chap. 2640, sec. 12. It then became the duty of the respondent board of canvassers to certify to the secretary of state the several nominations and elections and to issue to the individuals named proper certificates of nomination or election as the case may be. Sec. 12.

Inasmuch as this petition has been disposed of by our rescript heretofore filed, no further order is now required.[1]

*James H. Kiernan, Sidney L. Rabinowitz, Walter L. Sharkey, Irving I. Zimmerman,* for petitioners.

*Eugene L. Jalbert,* City Solicitor *Nickerson H. Taylor,* for respondents.

---

[1] June 17, 1944. In the above-entitled case, upon consideration of the arguments of the parties, we are of the opinion that the list of caucus nominations filed on behalf of the district committee of the democratic party for the fifth representative district of the city of Woonsocket is valid. Our opinion will follow at a later date.

The prayer of the petitioners is granted and the writ of mandamus may issue returnable forthwith.